In the Matter of the Marriage of
TRINKLEIN, *Respondent,*
*and*
TRINKLEIN, *Appellant.*
(No. 31548, CA 6987)

560 P2d 290

George H. Layman, Newberg, argued the cause and filed the brief for appellant.

Glenn Walker, Tigard, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

The husband appeals from the portion of a dissolution decree dividing the parties' real property.

The marital property consisted of miscellaneous personal property, division of which is not contested, and a 14.6 acre farm. During their eight-year marriage, the parties occupied the farm, first as tenants, then after May 1974 as contract purchasers from the husband's parents. In May 1975 the wife petitioned for dissolution and left the farm.

The trial court awarded the farm to the husband, subject to a non interest bearing judgment lien of $3,962.50 in favor of the wife, payable upon sale of the property or June 3, 1977, whichever occurs first. The amount of the lien was premised on an equal division of what the trial court found to be the parties' equity in the property.

The husband argues alternatively that he should receive the farm outright and that the court overvalued the real property, thereby setting the amount of the lien too high.

Evidence of the value of the farm in May 1975 consisted of the husband's opinion, $25,000; the wife's opinion, $40,000 to $45,000; county assessor's valuation for property tax purposes, $15,264; and the contract sale price, $20,000. The trial court found the value to be $30,000 which it discounted by $5,000 because the property was purchased from the husband's parents. Since the balance owing on the contract was $17,075, the court found the parties' equity to be $7,925 and set the lien at $3,962.50.

The valuation for property tax purposes is unreliable since the property was appraised for farm use rather than fair market value. The contract sale price does not account for appreciation in value from the time of the contract and is suspect since the sale was not an arm's-length transaction. For example, the interest rate appears to be less than the prevailing

rate. The court, in effect, by discounting the $30,000 to $25,000 reached the same valuation as the husband. We find both the court's valuation and equal division of the equity to be just and equitable.

■ The husband's request on appeal for a longer time period to pay the lien is denied. The one year period adopted by the lower court was pursuant to the husband's request.

Affirmed. Costs to respondent.